UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN J. FARR,<br><br>    Plaintiff,<br><br>    v.<br><br>WEBSTER POLICE DEPARTMENT,<br><br>    Defendant. | CIVIL ACTION<br>NO. 24-40021-MRG |

**ORDER**
March 17, 2025

**GUZMAN, D.J.**

Steven J. Farr initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Webster Police Department seeking monetary damages and declaratory and injunctive relief concerning a January 29, 2025 order for the towing and storage of Plaintiff's vehicle. (ECF 1). With his complaint, Farr filed his self-prepared application to proceed in district court without prepaying fees or costs. (ECF 3).

This action was initially assigned pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (ECF 2). On February 7, 2025, Farr requested reassignment to a district judge. (ECF 5). At that time, the case was reassigned to the undersigned. (ECF 6).

Farr has since filed an emergency motion (ECF 7) for temporary restraining order and preliminary injunction, a motion (ECF 8) for evidentiary hearing, a motion (ECF 9) for judicial recusal and a motion (ECF 10) to compel discovery. Upon review of the pleadings, the Court ORDERS:

1. Plaintiff's application (ECF 3) to proceed in district court without prepaying fees or costs is ALLOWED. Farr's complaint is subject to screening under 28 U.S.C. § 1915(e)(2) because he is proceeding *in forma pauperis*. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court construes Farr's complaint "with some liberality" because he is proceeding *pro se*. *Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

2. Reading the complaint generously, the Court finds that the complaint fails to state a claim upon which relief may be granted and, to the extent Farr wishes to proceed, **he shall file an amended complaint on or before April 18, 2025**, otherwise the action will be dismissed. The defendant police department is not a suable entity under 42 U.S.C. § 1983. For purposes of a Section 1983 action, a police department is "considered a non-person" and, therefore, "is not a suable entity." *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991). The Webster Police Department is separate from any individual police officers who may have been involved in the seizure referenced in the complaint. The Town of Webster could be named instead of the Webster Police Department. However, the municipality itself may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*

3. Plaintiff's emergency motion (ECF 7) for temporary restraining order and preliminary injunction is DENIED. Plaintiff has failed to provide notice to defendant as there is no certification in writing of any effort made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ. P. 65(b). In addition, the request is not supported with a separate memorandum of reasons, *see* Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."), and therefore does not address the legal requirements for a preliminary injunction. Finally, Plaintiff has not shown a likelihood of success on the merits. *See NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (to obtain a preliminary injunction or temporary restraining order, the plaintiff must demonstrate "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest" (quotation marks omitted)).

4. Plaintiff's motion (ECF 8) seeking evidentiary hearing and motion (ECF 10) to compel discovery are DENIED.

5. Plaintiff's motion (ECF 9) for judicial recusal and reassignment is DENIED. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice since doing so "would provide litigants with a veto against unwanted judges." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted,

"not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). Here, Farr states that his motion is "based upon concerns regarding impartiality and fairness, thereby ensuring due process." The motion references the earlier case number containing the magistrate judge's initials, and because he is longer assigned the case, any request for his recusal is moot. Farr provides no facts for doubting the undersigned impartiality in this proceeding under the relevant, legal standards.

6. No summons shall issue pending further order of the Court.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2025